## THE STATE v. PORTER ET AL.

1. **Criminal Evidence:** REASONABLE DOUBT: DEGREE OF EVIDENCE TO RAISE: INSTRUCTION. An instruction to the effect that a preponderance of evidence is necessary to raise a reasonable doubt of the guilt of the defendant in a criminal case is erroneous, and such is the effect of the instruction given in this case.

*Appeal from Story District Court.*

TUESDAY, JULY 22.

THE defendants were jointly indicted and convicted of mur-

der in the second degree, and each was sentenced to imprison-
ment in the penitentiary for the term of twenty-one years.
They now appeal to this court.

*J. S. Frazier* and *Funson & Gifford*, for appellants.

*Smith McPherson*, *Attorney-general*, for the State.

BECK, J.—I. The defendants are mother and son, the latter
being less then fifteen years of age at the time of the homicide
of which they were convicted. The victim of the crime was the
husband and father of the defendants respectively. The evidence
tends to show that, after he had been absent from his house
about nine days, his body was found in his own field. A
gun was found secured to shrubs near by, pointing toward
the body, and having a string attached to the trigger, extend-
ing to the body. By this and other arrangements it is evi-
dent that a clumsy attempt was made to induce the belief that
the victim had taken his own life. One indicted with the
defendants was with another person when the body was found.
No anxiety was expressed or inquiry made by the defendants
on account of the absence of the husband and father. After
his body was found they expressed the belief that he had
taken his own life. But upon the trial they testified that,
while the husband was violently assaulting the wife, the son
shot him in the back, and thereupon he turned upon the son,
who discharged another barrel of the gun in his face and
head, causing instant death. There was evidence tending to
show that the father was violent and cruel in the extreme,
and had often beaten his wife and children, and had assaulted
them with deadly weapons. Defendants insisted that his life
was taken in defense of the life of both the son and wife, and
they accounted for the deception attempted to be practiced,
in order to induce the belief in the minds of others that he
had destroyed himself, by the claim of ignorance and want
of wisdom. There was some other evidence tending to sup-

The State v. Porter et al.

port the defense upon which they relied, which need not be more particularly referred to in this opinion.

The district court, among other instructions to the jury, gave the following:

"If the evidence on the part of the state, alone and unexplained, would establish beyond a reasonable doubt the guilt of defendants, or either of them, and the grade of offense, then the burden of proof is shifted to the defendant to establish his defense, or show a lower grade of offense, by a preponderance of the evidence.

"The reason for the distinction as to the degree of proof required on the one hand to establish the guilt of the accused, and on the other hand to so explain or modify the facts as to justify or excuse or palliate the alleged offense, is, that, if the justification, excuse or palliation is shown by a preponderance of the evidence, it must necessarily leave the matter in dispute in reasonable doubt."

This instruction is obviously erroneous. In both sentences it unmistakably announces the rule that a preponderance of evidence is necessary in order to raise a reasonable doubt of defendants' guilt,—a proposition in conflict with all legal authority, which we do not remember to have ever seen before. Its simple statement is sufficient to assure its condemnation by the legal mind.

The attorney-general thinks that this instruction may be sustained by considering it with another, which holds that, if a reasonable doubt arises upon consideration of all the evidence, the jury should acquit. But it will be readily seen that this cannot remove the error. The two together mean that, in considering all the evidence in the manner pointed out, a reasonable doubt cannot be entertained, except upon the preponderance of the evidence.

Other points of the case need not be considered. The judgment of the district court is

REVERSED.